**Opinion filed July 10, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00062-CR

_____

## THOMAS STELJES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause Nos. 24389-B & 24456-B**

## MEMORANDUM OPINION

Appellant, Thomas Steljes, was charged by separate indictments with possession of a controlled substance, namely methamphetamine, and criminal mischief, both state-jail felony offenses. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2025); TEX. PENAL CODE ANN. § 28.03(b)(4)(E) (West Supp. 2025). In a consolidated proceeding, Appellant entered open pleas of guilty. After the completion of a Pre-Sentence Investigation (PSI) and a hearing on

punishment, the trial court assessed Appellant's punishment at twenty months confinement in the State Jail Division of the Texas Department of Criminal Justice to run concurrently. We affirm the judgments.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel states that she has professionally and conscientiously examined the record and applicable law and has concluded that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se brief in response to counsel's *Anders* brief. Raising what we construe to be an ineffective-assistance-of-counsel claim, Appellant argues that trial counsel failed to communicate with him, adequately prepare his defense, file various motions, and advocate for his placement in a program alternative to incarceration. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Andrus v. Texas*, 590 U.S. 806, 813 (2020) (per curiam) ("To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him."). Although Appellant makes repeated references to

his immigration status in his brief, Appellant did not argue that he was unaware of the consequences of pleading guilty.

Because the record is silent regarding trial counsel's reasons for engaging in the aforementioned conduct alleged, we must indulge the strong presumption that trial counsel's conduct fell within a wide range of reasonable professional assistance, including the possibility that trial counsel's actions were strategic. *Strickland*, 466 U.S. at 689; *Hart v. State*, 667 S.W.3d 774, 782 (Tex. Crim. App. 2023) ("Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." (quoting *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004)).

We additionally note that prior to entering guilty pleas, Appellant received written admonishments and was orally admonished by the trial court. Appellant confirmed that his trial counsel had reviewed all relevant documents with him. Appellant further stated that he was pleading guilty freely and voluntarily, had not been coerced or threatened into pleading guilty, and was pleading guilty because he was, in fact, guilty. Appellant affirmed that he understood that he would face immigration consequences as a result of pleading guilty and that he had discussed this with his attorney. During punishment proceedings, Appellant's trial counsel also called a representative from a local addiction treatment program to testify about the program, and the witness opined that Appellant was a good candidate. The State presented no witness testimony, relying on the PSI reports. At the conclusion of the hearing, Appellant's trial counsel requested that the trial court consider ordering Appellant to a term of community supervision given Appellant's lack of violent criminal history. The State argued that a state jail sentence would be more appropriate because Appellant's criminal history spanned twenty years and included

several drug, theft, and criminal mischief convictions. The trial court agreed and sentenced Appellant in each cause to twenty months in the state jail division.

Based upon our review of the record, we agree with counsel that no meritorious arguable grounds for appeal exist.[1] *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) ("[C]ourts of appeals must decide whether the *Anders* appeal and subsequent *pro se* brief raise any meritorious 'arguable grounds' for review.").

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments of the trial court.

W. BRUCE WILLIAMS
JUSTICE

July 10, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.